# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHEL CATHRYN HART** | * | **CIVIL ACTION NO:** |
| | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE DIV.:** |
| | * | |
| **AUTOMOBILE CLUB INTER-INSURANCE** | * | |
| **EXCHANGE** | * | **JURY TRIAL REQUESTED** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through her undersigned counsel, comes the Plaintiff, Michel Cathryn Hart, a person of full age of majority residing in the Parish of Jefferson, State of Louisiana, who makes the following averments of fact:

### DEFENDANT

The Defendant to the civil action herein is:

1.  Defendant, Automobile Club Inter-Insurance Exchange, and all of its affiliates, subsidiaries, successors, predecessors as well as any and all related entities and division companies hereinafter ["AAA"] is a foreign insurance company incorporated and existing under the laws of the State of Missouri, domiciled in the State of Missouri, and operating their principal place of business in St. Louis, Missouri, County of St. Louis.

### JURISDICTION AND VENUE

2.  This Honorable Court possesses subject matter jurisdiction over the claims set forth herein based on the complete diversity of citizenship of the parties in accordance with 28 U.S.C.

§ 1332.  In addition, the amount in controversy exceeds $75,000.00, exclusive of costs and legal interest as required by 28 U.S.C. § 1332.

3. This Honorable Court possesses personal jurisdiction over the non-resident Defendant named herein pursuant to the provisions of the Louisiana Long-Arm Statute, La. R.S. 13:3201. Furthermore, this Court's exercise of personal jurisdiction over the named Defendant is consistent with the constitution of this state and of the Constitution of the United States of America.

4. Venue is proper in the Eastern District of Louisiana as this is the geographic federal district where the Plaintiff, Michel C. Hart, sustained severe bodily injuries, compensatory damages and other insured covered losses on or about September 20, 2014 in a motor vehicle accident directly caused by the negligent, careless, and reckless conduct committed by Anthony Rosenbohm.  Moreover, as set forth fully below, the remaining Defendant insurer, AAA, entered into a contractual agreement as the underinsured/uninsured motorist coverage to cover the losses resulting from the September 20, 2014 motor vehicle accident, which is the subject of this litigation.

## FACTS OF THE MOTOR VEHICLE ACCIDENT

5. On September 20, 2014, Anthony Rosenbohm, was driving a 2012 Buick Enclave and traveling Westbound on Interstate-10 approaching Causeway Boulevard in Jefferson Parish at a high rate of speed.  As Mr. Rosenbohm proceeded West his vehicle approached a 2009 BMW 335 (also traveling west) driven by Christopher Jones, along with two passengers, Tanzy Becnel and the Plaintiff, Michel Cathryn Hart (rear passenger).

6. Upon information and belief, while negligently, if not recklessly, approaching at a high rate of speed, Anthony Rosenbohm, failed to maintain proper control of his vehicle and struck

the rear of the 2009 BMW 335 carrying Plaintiff at an estimated 60mph.  The impact caused the 2009 BMW 335 swerve and slam into the right cement guardrail of the interstate.

7. Upon information and belief, Anthony Rosenbohm, was physically impaired and/or intoxicated while driving Westbound on Interstate-10 on September 20, 2014.  Anthony Rosenbohm's negligent conduct and criminal actions were a direct cause of the motor vehicle accident made subject of this litigation.

8. Upon impact, Michel Hart sustained severe permanent injuries from this accident.  These injuries include permanent impairment to her left kidney, reducing its functioning by 5% and a permanent disc injury.  In addition to these permanent impairments, Ms. Hart also sustained a closed head injury after losing consciousness during the accident, liver lacerations, splenic lacerations, and a fracture to the L-4 transverse process in her spine.  On the date of the accident, Ms. Hart was taken to East Jefferson General Hospital by ambulance.  She spent time in ICU treating for her severe injuries and was not discharged from the hospital until several days later when she was able to ambulate on her own.

9. In addition, Plaintiff, as a direct result of the motor vehicle accident caused by the negligent and reckless conduct of Anthony Rosenbohm, has undergone continuous medical treatment for orthopedic, musculoskeletal and neurological injuries for which she seeks compensatory recovery.

10. Anthony Rosenbohm was covered under a policy of insurance with State Farm Fire and Casualty.  State Farm paid out its policy limits on April 14, 2015 in exchange for a Release of all claims against itself and its insured.

11. Anthony Rosenbohm was underinsured at the time of the accident as the amount of damages exceeds the limits of the liability policy paid out by State Farm Fire and Casualty.

12.     As set forth fully below, Plaintiff, Michel Cathryn Hart, seeks compensatory recovery from the Defendant insurer, AAA, for all underinsured/uninsured covered losses for which AAA is contractually responsible to insure arising out of the motor vehicle accident on September 20, 2014.

## COUNT I:  AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE

13.     Plaintiff includes each preceding paragraph of her Complaint as if included *in extenso.*

14.     Upon information and belief, Defendant AAA, entered into a contractual agreement with the Plaintiff, Michel Cathryn Hart, a passenger in the 2009 BMW 335, to provide under-insured motorist coverage for insured covered losses resulting from Plaintiff's involvement as a passenger in the motor vehicle accident on September 20, 2014.

15.     Plaintiff therefore seeks recovery from AAA for all insured and covered losses sustained by the Plaintiff by virtue of AAA's contractual insurance agreement with Plaintiff covering her involvement as a passenger in the motor vehicle accident on September 20, 2014.

16.     Plaintiff, Michel Cathryn Hart seeks the following compensatory damages allowed by law, which were directly, legally, and proximately caused by the motor vehicle accident on September 20, 2014:

   A.  General Damages:

      1.  Conscious Physical Pain and Suffering;

      2.  Conscious Mental Pain and Suffering;

      3.  Permanent Impairment;

      4.  Loss of Enjoyment of Life;

   B.  Special Damages:

      1.  Past and Future Medical Expenses

17.   The Plaintiff is entitled to and demands a trial by jury.

18.   The Plaintiff reserves the right to amend Count I as additional facts become known in the course of litigation.

WHEREFORE, Plaintiff, Michel Cathryn Hart, prays that the Automobile Club Inter-Insurance Exchange be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, and against the Defendant Automobile Club Inter-Insurance Exchange for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER, PLC**

BY:   */s/Carisa German-Oden*
**CARISA GERMAN-ODEN #31463**
**BENJAMIN B. SAUNDERS #11733**
**JOSEPH M. MILLER #30636**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
Facsimile:  (985) 612-3072
**Attorneys for Plaintiff,**
**Michel Cathryn Hart**