UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHEL CATHRYN HART | CIVIL ACTION |
| VERSUS | NO. 16-14702 |
| AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE | SECTION: "G"(3) |

### ORDER

This litigation arises out of Plaintiff Michel Cathryn Hart's ("Plaintiff") claim for damages following a motor vehicle accident.[1] Pending before the Court is Defendant Automobile Club Inter-Insurance Exchange's ("Defendant") "Motion to Dismiss for Lack of Jurisdiction."[2] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion and dismiss Plaintiff's action without prejudice.

### I. Background

In her Complaint, Plaintiff alleges that she sustained "severe permanent injuries" while a passenger in a motor vehicle accident on September 20, 2014.[3] Plaintiff claims that the accident was caused by the negligence of the driver of the automobile that struck the vehicle in which she was a passenger, Anthony Rosenbohm ("Rosenbohm").[4] According to Plaintiff, Rosenbohm was covered under an insurance policy issued by State Farm Fire and Casualty ("State Farm") and State Farm paid out its policy limits in exchange for a release of all claims against itself and

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 5.

[3] Rec. Doc. 1 at 3.

[4] *Id.*

1

Rosenbohm.⁵ However, because Rosenbohm was underinsured at the time of the accident, Plaintiff alleges that she now seeks compensatory damages from Defendant for all uninsured covered losses arising out of the subject accident.⁶ According to Plaintiff, Defendant entered into a contractual agreement with Plaintiff to provide underinsured motorist coverage for covered losses resulting from Plaintiff's involvement in the accident.⁷

Plaintiff filed this action on September 14, 2016, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.⁸ Defendant filed the instant motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).⁹ Plaintiff filed a response to the motion on December 13, 2016, in which she asserts that she does not object to dismissal pursuant to Rule 12(b)(1) but requests that dismissal be without prejudice.¹⁰

## II. Parties' Arguments

### A.    *Defendant's Arguments in Support of the Motion*

In its motion, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff and Defendant are both citizens of Louisiana for the purpose of diversity jurisdiction.¹¹ Because the requirement of complete diversity of citizenship is not satisfied, Defendant contends that Plaintiff's complaint must be dismissed.¹² Defendant represents that Plaintiff is alleged to be

---

⁵ *Id.*

⁶ *Id.* at 4.

⁷ *Id.*

⁸ *Id.*

⁹ Rec. Doc. 5.

¹⁰ Rec. Doc. 9.

¹¹ Rec. Doc. 5-1 at 1.

¹² *Id.*

a citizen of Louisiana.[13] Defendant further notes that Plaintiff alleges that Defendant is a foreign insurance company incorporated in and with its principal place of business in Missouri.[14] Thus, Defendant avers, it appears that Plaintiff considers Defendant to be a corporation with citizenship diverse from that of Plaintiff.[15]

However, Defendant asserts that it is not a corporation but is instead a "reciprocal inter-insurance exchange."[16] Defendant argues that a reciprocal inter-insurance exchange is to be treated as an unincorporated association for the purposes of determining diversity jurisdiction and thus, is considered to have the citizenship of its members.[17] Defendant notes that other recent decisions of the Eastern District of Louisiana have cited to this rule in concluding that there was a lack of subject matter jurisdiction due to a lack of complete diversity between the defendant reciprocal inter-insurance exchange and the plaintiff.[18]

In support of its argument that there is a lack of complete diversity in this case, Defendant points to the affidavit of Carl Kraft, its Assistant Secretary and Legal Department Manager, in which Kraft asserts that Defendant has members in Louisiana.[19] Because, Defendant argues, it is considered to be an unincorporated association for diversity purposes and it has members in

---

[13] *Id.* at 2.

[14] *Id.* (citing Rec. Doc. 1).

[15] *Id.*

[16] *Id.*

[17] *Id.* at 2–3 (citing *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989)).

[18] *Id.* at 3–4 (citing *Cimino v. Sirois*, 14-1925, 2014 WL 5393512 (E.D. La. Oct. 22, 2014) (Berrigan, J.); *Ourso v. United Servs. Auto. Ass'n*, 06-4354, 2007 WL 275902 (E.D. La. 2007) (Vance, J.); *Musso v. Progressive N.W. Ins. Co.*, 06-4114, 2007 WL 325364 (E.D. La. 2007) (Barbier, J.)).

[19] *Id.* at 4 (citing Rec. Doc. 5-2 at 2).

Louisiana, it is a citizen of Louisiana for diversity purposes.[20] As Plaintiff is also a citizen of Louisiana, Defendant contends that there is a lack of the complete diversity required for jurisdiction pursuant to 28 U.S.C. § 1332.[21] Thus, Defendant argues that the Court should dismiss this action for lack of subject matter jurisdiction.[22]

### B. *Plaintiff's Response to the Motion*

In response, Plaintiff states that she "does not oppose the motion under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, however; Defendant did not specify that the dismissal it seeks is one without prejudice."[23] Thus, Plaintiff requests that if the Court grants the motion, it should be granted without prejudice to allow Plaintiff to pursue her claims in another forum.[24] Plaintiff argues that it is clear from Fifth Circuit precedent that a court's dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits and does not prevent a plaintiff from pursuing the claim in another forum.[25] Plaintiff further represents that the Fifth Circuit has held that "to dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it—our precedent does not sanction this practice."[26] Thus, Plaintiff requests that any dismissal for lack of subject matter jurisdiction be without prejudice.[27]

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] Rec. Doc. 9 at 1.

[24] *Id.*

[25] *Id.* at 2–3 (citing *Ourso v. USAA*, 2007 WL 275902, at * 1 (E.D. La. 2007) (Vance, J.)).

[26] *Id.* at 3 (quoting *Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 F. App'x 455 (5th Cir. 2013)).

[27] *Id.*

## III. Law and Analysis

*A.  Legal Standard*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[28] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[29] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[30] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[31]

*B.  Analysis*

Here, Plaintiff does not contradict the evidence presented by Defendant in its motion and in fact, "does not oppose the motion under Rule 12(b)(1)."[32] Rather, Plaintiff requests that if the Court grants Defendant's motion, it be granted without prejudice.[33] Undisputed facts in the record indicate that Defendant is a reciprocal inter-insurance exchange with members in Louisiana.[34] A reciprocal inter-insurance exchange "is essentially an insurance company cooperatively owned by

---

[28] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[29] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[30] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[31] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[32] *See* Rec. Doc. 9 at 1.

[33] *Id.*

[34] *See* Rec. Doc. 5-2 at 2.

those it insures."[35] Thus, such an entity "in its pure form . . . is a web of contractual relationships between subscribers who agree to insure one another . . . ."[36] Courts in the Eastern District of Louisiana have held that a reciprocal inter-insurance exchange is to be treated as an unincorporated association for the purpose of determining diversity jurisdiction.[37] The Fifth Circuit has held that for purposes of determining diversity jurisdiction, an unincorporated association is a citizen of every state in which it has members.[38]

Here, it is undisputed that Plaintiff is a citizen of Louisiana[39] and that Defendant has members in Louisiana.[40] Thus, both parties are citizens of Louisiana for diversity purposes, and complete diversity does not exist. Accordingly, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332. If it appears at any time that the Court does not possess subject matter jurisdiction over a matter, the action must be dismissed.[41] The Court notes that Defendant does not specify whether it is requesting dismissal with prejudice or without prejudice. A court's dismissal of a case for lack of subject matter jurisdiction is not a ruling on the merits and "permits

---

[35] *True v. Robles*, 571 F.3d 412, 414 (5th Cir. 2009).

[36] *Id.*

[37] *See, e.g., Cimino v. Sirois*, No. 14-1925, 2014 WL 5393512 (E.D. La. Oct. 22, 2014) (Berrigan, J.); *Bilger v. Pereira*, No. 99-3359, 2000 WL 1182526 (E.D. La. Aug. 21, 2000) (Vance, J.); *Ourso v. United Servs. Auto. Ass'n*, No. 06-4354, 2007 WL 275902, at * 1 (E.D. La. Jan. 25, 2007) (Vance, J.); *Isidore v. USAA Ins. Co.*, No. 09-1333; 2009 WL 1564807, at *1 (E.D. La. June 2, 2009) (Engelhardt, J.); *Musso v. Progressive N.W. Ins. Co., et al.*, No. 06-4114, 2007 WL 325364, at *1 (E.D. La. Jan. 31, 2007) (Barbier, J.); *Gilbert v. United Servs. Auto. Ass'n*, No. 07-5278, 2008 WL 696208, at *1 (E.D. La. Mar. 13, 2008) (Lemelle, J.). *See also Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1989) (finding lack of complete diversity where some members of defendant reciprocal inter-insurance exchange had same citizenship as plaintiff).

[38] *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) ("If the group is an unincorporated association, then the citizenship of each member must be considered in determining diversity jurisdiction.") (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980)).

[39] Rec. Doc. 1 at 1.

[40] *See* Rec. Doc. 9 at 1; Rec. Doc. 5-2 at 2.

[41] *See Leban v. Dept. of Veterans Affairs*, No. 13-5181, 2014 WL 3778830 (E.D. La. July 29, 2014) (citing Fed. R. Civ. P. 12(h)).

the plaintiff to pursue his claim in the same or in another forum."[42] Thus, the Court finds that dismissal of Plaintiff's action without prejudice for lack of subject matter jurisdiction is appropriate.

### IV. Conclusion

The Court finds that Plaintiff and Defendant are both citizens of Louisiana and thus there is a lack of complete diversity as required under 28 U.S.C. § 1332. Therefore, the Court finds that it lacks subject matter jurisdiction over this action and Plaintiff's action is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss for Lack of Jurisdiction"[43] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this  1st  day of June, 2017.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[42] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

[43] Rec. Doc. 5.